B104 (FORM 104) (08/07)   **AMENDED**

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>DOUGLAS J. BRICKLEY, TRUSTEE FOR THE HALLWOOD ENERGY II CREDITORS' TRUST | **DEFENDANTS**<br>BJ SERVICES COMPANY U.S.A. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>OKIN ADAMS & KILMER LLP<br>3102 MAPLE AVENUE, STE. 240<br>DALLAS, TX 75201          (214) 800-2390 | **ATTORNEYS** (If Known)<br>Kenneth Greene<br>Snow Fogel Spence, LLP<br>2929 Allen Parkway, Ste. 4100, Houston, TX 77019 |
| **PARTY** (Check One Box Only)<br>☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor       ☐ Other<br>☑ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor       ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Recovery of preferential transfer(s) pursuant to 11 U.S.C. §§ 547 and 550.

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☑ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $122,527 |

Other Relief Sought
Disallow claims pursuant to 11 U.S.C. § 502(d)(j)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Hallwood Energy, L.P., et al | BANKRUPTCY CASE NO.<br>09-31253 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Texas | DIVISION OFFICE<br>Dallas | NAME OF JUDGE<br>Stacey G.C. Jernigan | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*[signature]* | | | |
| DATE<br>4/29/11 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>John Meritt Crosby | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Brian A. Kilmer
Texas Bar No. 24012963
Email: bkilmer@oakllp.com
J. Meritt Crosby
Texas Bar No. 24050462
Email: mcrosby@oakllp.com
OKIN ADAMS & KILMER LLP
3102 Maple Avenue, Suite 240
Dallas, Texas 75201
Telephone: 214.800.2390
Facsimile: 888.865.2118
**Counsel for Douglas J. Brickley, Trustee for the Hallwood Energy II Creditors' Trust**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: <br><br> **HALLWOOD ENERGY, L.P.,** *et al.*, <br><br> DEBTORS. | § § § § § § | **CASE NO. 09-31253** <br><br> (Chapter 11) |
| **DOUGLAS J. BRICKLEY, TRUSTEE FOR THE HALLWOOD ENERGY II CREDITORS' TRUST** <br><br> Plaintiff, <br><br> v. <br><br> **BJ SERVICES COMPANY U.S.A.** <br><br> Defendant. | § § § § § § § § § § § § | Adversary No. 11-03093 |

### FIRST AMENDED COMPLAINT TO AVOID TRANSFERS PURSUANT TO 11 U.S.C. § 547 AND RECOVER PROPERTY TRANSFERRED PURSUANT TO 11 U.S.C. § 550

**COMES NOW,** Douglas J. Brickley, the Trustee for the Hallwood Energy II Creditors' Trust (the "Trustee"), and files this First Amended Complaint to Avoid Transfers Pursuant to 11 U.S.C. § 547 and Recover Property Transferred Pursuant to 11 U.S.C. § 550 (the "Amended

Complaint") against BJ Services Company U.S.A. (the "Defendant"). In support of the Amended Complaint, the Trustee respectfully submits as follows:

## I. BACKGROUND

1. On March 1, 2009 (the "Petition Date"), Hallwood Energy, L.P., Hallwood Energy Management, LLC, Hallwood Gathering, L.P., HG II Management, LLC, Hallwood Petroleum, LLC, and Hallwood SWD, LLC (collectively, the "Debtors") filed voluntary petitions in the United States Bankruptcy Court for the Northern District of Texas for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. On October 16, 2009, the Bankruptcy Court entered an order confirming the First Amended Joint Plan of Reorganization for the Debtors proposed by Hall Phoenix/Inwood, Ltd. (the "Plan"). The Plan became effective on December 4, 2009. Pursuant to the Plan, the Trustee is empowered to prosecute, litigate, and settle any causes of action arising against the Defendant under sections 547 and 550 of the Bankruptcy Code.

3. Consistent with his obligations under the Plan and the documents establishing the Hallwood Energy II Creditors' Trust, the Trustee has conducted a review of all transfers made by the Debtors to creditors during the 90 days prior to the Petition Date, including certain Transfers (defined below) made to the Defendant. Subsequent to this review, on January 22, 2010, the Trustee sent a series of demand letters (the "Demand Letters," copies of which are attached, along with certified receipts, as **Exhibit A**) to the Defendant requesting: (i) the return of the Transfers as preferential transfers pursuant to sections 547 and 550 of the Bankruptcy Code; or (ii) that the Defendant provide the Trustee with valid defenses to payment, including an explanation of such defenses and copies of supporting documentation (collectively, the

"Preference Demands"). To date, the Defendant has neither: (i) returned the Transfers to the Trustee; or (ii) provided the Trustee with documented defenses to preference liability.

4. On February 25, 2011, the Trustee filed that Complaint to Avoid Transfers Pursuant to 11 U.S.C. § 547 and Recover Property Transferred Pursuant to 11 U.S.C. § 550 (the "Original Complaint"). Due to an error in the Trustee's records, the Defendant was misnamed as "B.J. Services Company," thereby necessitating the filing of this Amended Complaint.

5. Subsequent to the filing of the Original Complaint, the Defendant agreed to accept service of the Original Complaint.

## II. NATURE OF THE ACTION

6. The Trustee brings this adversary proceeding seeking: (i) the avoidance of certain payments made to the Defendant as preferential transfers under section 547 of the Bankruptcy Code; (ii) recovery of the property transferred pursuant to section 550 of the Bankruptcy Code; and (iii) the disallowance of any claim by the Defendant against the Debtors' estates to the extent property is recoverable from and not returned by the Defendant.

## III. JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 502, 547, and 550 of the Bankruptcy Code.

## IV. PARTIES

8. The Plaintiff is Douglas J. Brickley, the Trustee of the Hallwood Energy II Creditors' Trust, created pursuant to the Plan in the above-referenced Chapter 11 Bankruptcy

FIRST AMENDED COMPLAINT TO AVOID TRANSFERS PURSUANT TO 11 U.S.C. § 547 AND
RECOVER PROPERTY TRANSFERRED PURSUANT TO 11 U.S.C. § 550 – Page 3

Case of Hallwood Energy L.P., *et. al.*, Bankruptcy Case No. 09-31253, presently pending before The Honorable Stacey G.C. Jernigan.

9. The Defendant is BJ Services Company U.S.A., a Texas Company with its principal place of business at P.O. Box 4442, Houston, Texas 77210-4442, who may be served with process by serving its counsel of record, Kenneth Greene, Snow Fogel Spence, LLP, 2929 Allen Pkwy., Suite 4100, Houston, Texas, 77019.

V. **CAUSES OF ACTION**

*Count 1: Avoidance of Preferential Transfers – 11 U.S.C. § 547*

10. The Trustee incorporates all preceding paragraphs as if fully re-alleged herein.

11. The Trustee has determined that, on or within 90 days before March 1, 2009 (the "Petition Date," and the 90-day period prior to the Petition Date, the "Preference Period"), one or more of the Debtors made payments to the Defendant in an amount not less than $122,527.38 (collectively, the "Transfers"). Attached hereto as **Exhibit B** and incorporated herein by this reference is a list of Transfers presently known to the Trustee.[1]

12. The Defendant was a creditor of one or more of the Debtors at the time of the Transfers within the meaning of section 101(10)(A) of the Bankruptcy Code, as the Defendant had a right to payment on account of an obligation owed to Defendant by one or more of the Debtors.

---

[1] During the course of this proceeding, the Trustee may learn, through discovery or otherwise, of additional Transfers made to Defendant during the Preference Period, and accordingly reserves his right to amend this Complaint to include: (i) further information regarding the Transfers; (ii) additional Transfers; (iii) modifications of and/or revision to the Defendant's name; and/or (iv) additional defendants that may become known to the Trustee at any time during this adversary proceeding.

13. The Transfers were to or for the benefit of a creditor within the meaning of section 547(b)(1) of the Bankruptcy Code, as the Transfers either reduced or fully satisfied a debt then owed by one or more of the Debtors to the Defendant.

14. The Transfers were for, or on account of, antecedent debts owed by one or more of the Debtors before the Transfers were made.

15. The Debtors were insolvent at all times during the Preference Period.

16. As a result of the Transfers, the Defendant received more than it would have received if: (i) the Debtors' cases were under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payment of its debts under the provisions of the Bankruptcy Code.

17. Accordingly, the Transfers are subject to avoidance pursuant to section 547(b) of the Bankruptcy Code.

### Count 2: Recovery of Avoided Transfers – 11 U.S.C. § 550

18. The Trustee incorporates all preceding paragraphs as if fully re-alleged herein.

19. Section 550 of the Bankruptcy Code allows the trustee to recover, for the benefit of the estate, the property transferred and avoided under section 547 from the initial transferee of such transfer or the entity for whose benefit such transfer was made. *See* 11 U.S.C. § 550(a).

20. The Trustee is entitled to avoid the Transfers pursuant to section 547 of the Bankruptcy Code. The Defendant was the initial transferee of the Transfers and was the person for whose benefit the Transfers were made. Accordingly, the Trustee is entitled to recover the Transfers in the amount of $122,527.38, plus costs and interest thereon to the date of payment.

*Count 3: Disallowance of All Claims— 11 U.S.C. § 502(d) and (j)*

21. The Trustee incorporates all preceding paragraphs as if fully re-alleged herein.

22. Section 502(d) of the Bankruptcy Code provides that the Court shall disallow any claim of any entity from which property is recoverable under sections 547 and 550 of the Bankruptcy Code, unless such entity or transferee has paid the amount, or turned over the property for which the transferee is liable. *See* 11 U.S.C. § 502(d). Section 502(j) of the Bankruptcy Code provides that a claim that has been allowed may be reconsidered by the Court for cause. *See* 11 U.S.C. § 502(j).

23. The Defendant is an entity from which property, in the form of the Transfers, is recoverable under sections 547 and 550 of the Bankruptcy Code. The Defendant has not returned the Transfers to the Trustee. Accordingly, any and all claims of the Defendant against the Debtors' estates must be disallowed until such time as the Defendant pays to the Trustee an amount equal to the aggregate amount of the Transfers, plus interest thereon and costs. To the extent already allowed, such claims must be reconsidered and disallowed until such time as Defendant pays to the Trustee an amount equal to the aggregate amount of all the Transfers.

## VI. RELATION BACK

24. Federal Rule of Civil Procedure 15(c), made applicable to these proceedings by Rule 7015 of the Federal Rules of Bankruptcy Procedure, provides that an amendment to a pleading relates back to the date of the original pleading when: (i) the amendment changes the party or the naming of the party against whom a claim is asserted; (ii) the party to be brought in the amendment (a) received such notice of the action that it will not be prejudiced in defending on the merits and (b) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity; and (iii) the amendment

asserts a claim that arose out of the conduct, transaction, or occurrence set out in the original pleading. Here, the Amended Complaint should relate back to the date of filing of the Original Complaint, as: (i) the Amended Complaint merely changes the name of the Defendant from "B.J. Services Company" to "B.J. Services Company U.S.A."; (ii) the Defendant received notice of the Original Complaint, knew that but for the mistake of the Trustee this action would have been brought against it, and in fact agreed to accept service of the Original Complaint; and (iii) the Amended Complaint arises out of the same transactions (the Transfers) as the Original Complaint. Accordingly, the Amended Complaint should relate back to the February 25, 2011 filing date of the Original Complaint.

## VII. PRAYER

WHEREFORE, the Trustee respectfully requests that this Court enter, as to Counts 1-3, a declaration:

A. That the Transfers are avoidable under section 547(b) of the Bankruptcy Code in the aggregate amount of $122,527.38;

B. That the Transfers are recoverable by the Trustee under section 550(a) of the Bankruptcy Code in the aggregate amount of $122,527.38;

C. That interest and costs running from the date of each Transfer to the date of judgment herein shall be awarded to the Trustee;

D. That the Defendant is required to pay the judgment amount awarded in favor of the Trustee;

E. That any claims held by the Defendant against the Debtors' estates are disallowed under section 502 of the Bankruptcy Code until the Defendant satisfies this judgment;

F.  That the Trustee shall be granted such other and further relief as the Court deems just and proper.

Dated: April 27, 2011

Respectfully submitted,

**OKIN ADAMS & KILMER LLP**

By: */s/ Brian A. Kilmer*
Brian A. Kilmer
Texas Bar No. 24012963
Email: bkilmer@oakllp.com
J. Meritt Crosby
Texas Bar No. 24050462
Email: mcrosby@oakllp.com
Brian D. Roman
Texas Bar No. 24037386
Email: broman@oakllp.com
3102 Maple Avenue, Suite 240
Dallas, Texas 75201
Telephone: 214.800.2390
Facsimile: 888.865.2118

**COUNSEL FOR DOUGLAS J. BRICKLEY, TRUSTEE FOR THE HALLWOOD ENERGY II CREDITORS' TRUST**

# EXHIBIT "A"



Brian A. Kilmer
3102 Maple Ave, Suite 240
Dallas, TX 75201
Ph • 214.800.2390
Fx • 888.865.2118
bkilmer@oakllp.com

March 1, 2010

*VIA U.S. REGULAR MAIL and*
*CERTIFIED U.S. MAIL, RETURN RECEIPT REQUESTED*

BJ Services Company
P.O. Box 4346
Dept. 393
Houston, TX 77210-4346

      Re:   *In re Hallwood Energy, L.P., et. al.*, Chapter 11, Case No. 09-31253 in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division – CONFIDENTIAL SETTLEMENT COMMUNICATION SUBJECT TO FEDERAL RULE OF EVIDENCE 408

Dear Sir or Madam:

     As you are aware, this firm represents Douglas J. Brickley, Trustee (the "Trustee") for the Hallwood Energy II Creditors' Trust ("Trust II"). On March 1, 2009 (the "Petition Date"), Hallwood Energy, L.P., Hallwood Energy Management, LLC, Hallwood Gathering, L.P., HG II Management, LLC, Hallwood Petroleum, LLC, and Hallwood SWD, LLC (collectively, the "Debtors") filed voluntary petitions in the United States Bankruptcy Court for the Northern District of Texas for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On October 16, 2009 (the "Confirmation Date"), the Bankruptcy Court entered an order confirming the First Amended Joint Plan of Reorganization for the Debtors Proposed by Hall Phoenix/Inwood, Ltd. (the "Plan"). The Plan became effective on December 4, 2009. Pursuant to the Plan, the Trustee of Trust II is empowered to prosecute, litigate and settle causes of action arising under sections 547 and 550 of the Bankruptcy Code.

     On January 22, 2010 an initial demand letter (the "Initial Demand Letter," certified receipt of which is attached hereto as **Exhibit A**) was sent to you requesting the return of certain payments and transfers made to you by the Debtors within the 90 day period prior to the Petition Date which constitute preferential transfers under sections 547 and 550 of the Bankruptcy Code and must be returned to Trust II. The initial demand letter requested payment of $98,021.9 (the "Settlement Amount"), an amount representing approximately 80% of the aggregate amount of the Company's total preference exposure of $122,527.38, with such amount being offered as a discount if BJ Services Company (the "Company") pays quickly and before Trust II initiates litigation. We have thus far received no response to the Initial Demand Letter.

<u>THIS CORRESPONDENCE CONSTITUTES A SECOND DEMAND FOR PAYMENT OF THE SETTLEMENT AMOUNT.</u>

Please be advised that if, by March 15, 2010 (the "<u>Deadline</u>"), the Company does not: (i) pay the Settlement Amount in full via a check made payable to "Hallwood Energy II Creditors Trust" in the aggregate amount of $98,021.90 to Okin Adams & Kilmer LLP, 3102 Maple Ave., Suite 240, Dallas, Texas 75201, Attn: J. Meritt Crosby; or (ii) provide the Trustee with valid defenses to payment, including an explanation of those defenses and *copies of any documentation*, such as invoices or payment histories that support such defenses, the Trustee will commence legal proceedings to recover the <u>full</u> amount of all received preferences from the Company. If such an action is commenced, the Company may also be liable for fees, costs and interest.

If you wish to discuss this matter further, please contact my associate Meritt Crosby at mcrosby@oakllp.com or 214-800-2344. Thank for your attention to this matter.

Sincerely,

Brian A. Kilmer

Encls.

---

**Certified Mail Return Receipt (PS Form 3811):**

Article Addressed to:
BJ Services Company
P.O. Box 4346
Dept. 393
Houston, TX 77210-4346

Signature: Dorothy M. Lazard
Date of Delivery: MAR 03 2010
Service Type: Certified Mail; Return Receipt for Merchandise
Article Number: 7006 2150 0001 2649 9208



Brian A. Kilmer
3102 Maple Ave, Suite 240
Dallas, TX 75201
Ph • 214.800.2390
Fx • 888.865.2118
bkilmer@oakllp.com

**_VIA CERTIFIED U.S. MAIL, RETURN RECEIPT REQUESTED_**

BJ Services Company
P.O. Box 4346
Dept. 393
Houston, TX 77210-4346

    Re:  *In re Hallwood Energy, L.P., et. al.*, Chapter 11, Case No. 09-31253 in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division – CONFIDENTIAL SETTLEMENT COMMUNICATION SUBJECT TO FEDERAL RULE OF EVIDENCE 408

Dear Sir or Madam:

    Please be advised that this firm represents Douglas J. Brickley, Trustee (the "Trustee") for the Hallwood Energy II Creditors' Trust ("Trust II"). On March 1, 2009 (the "Petition Date"), Hallwood Energy, L.P., Hallwood Energy Management, LLC, Hallwood Gathering, L.P., HG II Management, LLC, Hallwood Petroleum, LLC, and Hallwood SWD, LLC (collectively, the "Debtors") filed voluntary petitions in the United States Bankruptcy Court for the Northern District of Texas for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On October 16, 2009 (the "Confirmation Date"), the Bankruptcy Court entered an order confirming the First Amended Joint Plan of Reorganization for the Debtors Proposed by Hall Phoenix/Inwood, Ltd. (the "Plan"). The Plan became effective on December 4, 2009. Pursuant to the Plan, the Trustee of Trust II is empowered to prosecute, litigate and settle causes of action arising under Sections 547 and 550 of the Bankruptcy Code. These Bankruptcy Code Sections allow the Trustee to recover payment(s) received in the 90 days (one year if you are an insider) prior to the Petition Date even if you were owed the payment you received - so long as certain requirements are fulfilled.

    **THIS CONSTITUTES A DEMAND LETTER FOR THE PREFERENTIAL TRANSFER(S) ATTACHED HERETO THAT BJ SERVICES COMPANY (THE "COMPANY") RECEIVED FROM ONE OR MORE OF THE DEBTORS**

    Please be advised that an initial review of the Debtors' financial records indicates that within the 90 day period prior to the Petition Date, the Company received $122,527.38 in payments from one or more of the Debtors. Pursuant to Sections 547 and 550 of the Bankruptcy Code, the attached payments and transfers constitute preferential transfers that, pursuant to the Plan, must be returned to Trust II.

    Accordingly, the Trustee hereby demands that the Company immediately pay $98,021.90 on account of the preferential transfers it received. This amount represents approximately 80%

of the aggregate amount of the Company's total preference exposure which is being offered as a discount if the Company pays quickly and before Trust II initiates litigation. Please forward a check made payable to "Hallwood Energy II Creditors Trust" in the aggregate amount of $98,021.90 to Okin Adams & Kilmer LLP, 3102 Maple Ave., Suite 240, Dallas, Texas 75201, Attn: J. Meritt Crosby, so that it is received no later than 20 days from receipt of letter.

If you believe the Company has any defenses to this demand, you must respond in writing by no later than 20 days from the date of this letter. Your response must include an explanation of those defenses and copies of any documentation, such as invoices or payment histories that support such defenses. We will evaluate those defenses and related documents in an effort to resolve this matter amicably.

If Trust II does not receive either payment or a satisfactory response from you within 20 days of receipt of this letter, Trust II intends to institute legal proceedings in the Bankruptcy Court to recover the <u>full</u> amount of all received preferences from the Company. If such an action is commenced, the Company may also be liable for fees, costs and interest.

If you wish to discuss this matter further, please contact my associate Meritt Crosby at mcrosby@oakllp.com or 214-800-2344. Thank for your attention to this matter.

Sincerely,

B Kilmer



# EXHIBIT "B"

## BJ SESRVICES COMPANY

## EXHIBIT "B"

| DEBTOR | PAYMENT DATE | PAYEE | AMOUNT |
|---|---|---|---|
| Hallwood Petroleum, LLC | 12/11/2008 | BJ Services Company | $45,271.55 |
| Hallwood Petroleum, LLC | 1/22/2009 | BJ Services Company | $77,255.83 |
| | | | $122,527.38 |